JOHN W. PENNELL v. EVIN LOVETT.

Where there is an affidavit for a continuance purporting to be filed on the eve of trial, but no entry showing that it was called to the attention of the Court, an assignment of error that the Court erred in overruling the application for a continuance, cannot be considered.

Error from Gonzales.

*T. M. Harwood* and *J. C. Megginson*, for plaintiff in error.

*Wilson & Waul*, for defendant in error.

LIPSCOMB, J. The judgment of the Court below was affirmed as a delay case when it was called, a motion was afterwards made by counsel for the plaintiff in error, asking the Court to reconsider, and permit a brief to be filed, alleging accidental absence from the Court when the case was called. The rule of Court has been, to hear no application for a re-hearing in Court, but to receive a petition at chambers, showing the

grounds upon which the re-hearing is sought.   This case being one in which there has been no written Opinion filed, we have permitted an exception to the rule, and heard the application in open Court on the one side, and objections to it on the other.   The plaintiff has submitted a brief, calling our attention to the particular errors upon which he asks a reversal of the judgment of the Court below, only one of which requires notice :   The overruling the application, by affidavit of the defendant, for a continuance.

There is an affidavit for a continuance in the transcript, endorsed, sworn to and filed by the Clerk, but there does not appear to have been any action of the Court upon it, nor does it appear that it had ever been submitted to the consideration of the Judge, nor his attention in any way called to it.   The record, therefore, does not show that there was a refusal on the part of the Court to continue the case.   (Spillars v. Curry, 10 Tex. R. 143 ; Prewett v. Everett, Id. 283.   The motion to reconsider is refused.

Ordered accodringly.