Yandell ROGERS, III and RLS Legal Solutions, L.L.C., Appellants

v.

Amy Cobb MAIDA, Appellee

and

In re RLS Legal Solutions, LLC, and Yandell Rogers, III.

Nos. 09–03–453 CV, 09–03–469 CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 27, 2003 (No. 09–03–469 CV).

Submitted Dec. 23, 2003 (No. 09–03–453 CV).

Decided Jan. 22, 2004.

Victor N. Corpuz, Kristin L. Bauer, Jackson Lewis LLP, Dallas, for appellants/relators.

Glen W. Morgan, Mary F. Bradford, Reaud, Morgan & Quinn, LLP, Beaumont, for appellee/real party in interest.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

RLS Legal Solutions, LLC., and Yandell Rogers, III (RLS/Rogers) filed a petition for writ of mandamus (No. 09–03–469–CV) and an interlocutory appeal (No. 09–03–453–CV), both of which arise from an order entered by the 172nd District Court. In an order signed September 5, 2003, Judge Floyd denied RLS/Rogers' motion to compel arbitration.

■ An order denying arbitration under the Texas General Arbitration Act is challenged by interlocutory appeal, but an order denying arbitration under the Federal Arbitration Act must be contested by mandamus. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992); TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.001–.098 (Vernon 1997 and Supp. 2004) (the Texas Act); and 9 U.S.C. §§ 1–16 (1999) (the Federal Act). RLS/Rogers contends, and Maida agrees, the Federal Act applies in this case. As both sides agree the Texas Act does not apply to the instant cause, the interlocutory appeal (No. 09–03–453) is dismissed for want of jurisdiction.

■ Before us, therefore, is only the petition for writ of mandamus (No. 09–03–469). RLS/Rogers presents three issues.[1]

---

1. We identified these issues from RLS/Rogers' argument (as D, E and F) rather than its list of "Issues Presented" as the arguments do not square with the list.

In its first issue, RLS/Rogers contends the lower court erred in denying arbitration because there was no basis to find the 1999 Arbitration Agreement or the December 2001 Employment Agreement invalid. We first note the trial court did not reveal its reasoning for denying the motion to compel arbitration.

The agreement executed in December 2001 provides:

10. *Entire Agreement.* **Employee** and the **Company** hereby agree that this Agreement constitutes the entire agreement between the parties with respect to **Employee's** employment with the **Company**....

Moreover, the Employment Agreement contains a detailed arbitration provision encompassing all aspects of the 1999 Arbitration Agreement and increases the fee paid by the employee if the employee initiates the arbitration. RLS/Rogers neglects to mention paragraph ten of the contract and therefore offers no explanation as to why this court should render it meaningless. RLS/Rogers created the Employment Contract and chose to expressly make it the "entire agreement between the parties," not only in December 2001, but previously in February 2001 and August 2000. For that reason, the trial court did not err in refusing to compel arbitration under the 1999 Arbitration Agreement.

■ RLS/Rogers next contends there was no basis for the trial court to find the December 2001 agreement invalid. Again, we note that there is no record the trial court made this finding. Maida's affidavit avers she wanted the arbitration clause removed from the new employment agreement and had meetings with management over her refusal to agree to it. Maida swears that after she refused to agree to arbitration, she was told she would not be paid until she signed the agreement. Maida continued to refuse to sign the agree-

ment and as a result, the company withheld her paycheck as threatened, for work already performed. When Maida questioned why she had not been paid as she had been for the past three years, she was told her paycheck would be held until she signed the arbitration agreement. According to Maida, RLS/Rogers not only threatened to do that which they had no legal right to do, *see In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex.2001), they actually did it. This constitutes some evidence the agreement was procured by duress. *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex.1999).

RLS/Rogers further argues that the prior employment contracts, executed in February 2001, August 2000, and September 1998, require Maida to arbitrate her claims, even if the entire December 2001 agreement is invalid. RLS/Rogers offers no authority for this position. The December 2001 agreement contains a severability clause:

13. *Severability.* If any provision of this Agreement is held to be illegal, invalid or unenforceable under present or future laws effective during the term of this Agreement, such provision shall be fully severable; this Agreement shall be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised a part hereof; and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision or by its severance therefrom....

RLS/Rogers cites no basis for this court to disregard the express terms of the December 2001 agreement providing not only that the arbitration clause is severable from the agreement, but that the December 2001 agreement constitutes "the entire agreement" between the parties, as noted above. Based on the record currently be-

fore us, we are not persuaded the trial court erred in refusing to compel arbitration under the prior agreements. Issue one is overruled.

 In its next issue, RLS/Rogers claims the trial court erred in not conducting an evidentiary hearing. The Texas Supreme Court has held that "if the material facts necessary to determine the issue are controverted, by an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts." *Jack B. Anglin Co., Inc.*, 842 S.W.2d at 269. *See also In re Whitfield*, 115 S.W.3d 753, 755 (Tex.App.-Beaumont 2003, orig. proceeding). RLS/Rogers asserts it disputed material facts with the affidavit of Richard Saldivar.

The trial court struck Saldivar's affidavit stating: "the Movants set this hearing on their Motion to Compel Arbitration on September 2, 2003, without any controverting affidavits on file, and the controverting Affidavit of Richard Saldivar, which was first filed in this case on September 5, 2003, at 1:08 p.m., some 22 minutes before the start of the hearing set by the Movants, is hereby STRUCK from the record and is not to be considered by this Court. . . ." RLS/Rogers argues the trial court erred in striking the affidavit.

Maida concedes "the time period for filing controverting evidence is not fixed. . . ." and cites no authority permitting the trial court's action. Rather, Maida contends RLS/Rogers waived its right to an evidentiary hearing and to complain of the affidavit being stricken by failing to request a continuance and by proceeding with the scheduled hearing. We are aware of no authority, and neither party cites any, governing this issue. What we are aware of is the Texas Supreme Court's decision that "the trial court must conduct an evidentiary hearing." *Jack B. Anglin*

*Co.*, 842 S.W.2d at 269. To date, we are aware of no exceptions. We are mindful of the trial court's authority to control its docket and attempt to foreclose such maneuvers. Clearly, the trial court could have reset the hearing to allow opposing counsel to prepare for the evidentiary hearing which RLS/Rogers sprang on them. Nevertheless, in the absence of any requirements that the controverting evidence must be timely filed, we find the trial court erred in striking Saldivar's affidavit and in failing to conduct an evidentiary hearing. Issue two is sustained.

RLS/Rogers also argues the trial court abused its discretion in overruling its objections to Maida's affidavit. RLS/Rogers fails to provide any references to the record wherein this objection was presented to the trial court. RLS/Rogers further fails to cite to the record where the trial court ruled upon its objection. *See* TEX. R.APP. P. 33.1, and 38.1(h). RLS/Rogers' proposes the trial court overruled its objection by implication in denying the motion to compel arbitration and in striking Saldivar's affidavit but provides no reasoning or authority for such a presumption. Our review of the record reveals the response filed September 5, right before the hearing, contains a single hearsay objection to various statements in Maida's affidavit. RLS/Rogers provides no authority these statements are hearsay. *See* TEX.R. EVID. 801(e)(2). Accordingly, nothing is presented for our review. *See* TEX.R.APP. P. 33.1; *see also* TEX.R.APP. P. 38.1(h). Issue three is overruled.

For the reasons stated under issue two, the petition for writ of mandamus (No. 09–03–469–CV) is conditionally granted and the trial court instructed to conduct an evidentiary hearing consistent with this opinion. *See Jack B. Anglin Co.*, 842 S.W.2d at 269. The writ will not issue unless the trial court fails to comply with

this opinion. The interlocutory appeal (No. 09–03–453–CV) is dismissed for want of jurisdiction.