In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-226 CV


NO. 09-05-293 CV


____________________



JIM WALTER HOMES, INC.



V.



VAUGHN STEPHEN AYERS, JR. 



and



IN RE JIM WALTER HOMES, INC.







On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-174091


and


Original Proceeding






MEMORANDUM OPINION



 Vaughn Stephen Ayers, Jr. sued relator Jim Walter Homes, Inc. alleging a failure to
construct Ayers's home in conformity with local flood plain requirements. Ayers pled
violations of the Texas Deceptive Trade Practices Act and breach of contract. The parties'
contract contains an arbitration agreement, which reads in part as follows:

 The parties agree that, at the election of either party, any controversy or claim
arising out of or relating to this contract, or the breach thereof, whether
asserted as in tort or contract, or as a federal or state statutory claim, arising
before, during or after performance of this contract, shall be settled by binding
arbitration in accordance with the Comprehensive Arbitration Rules and
Procedures administered by JAMS/Endispute, and judgment upon the award
rendered by the arbitrator may be entered in any Court having jurisdiction
thereof. The parties agree and understand that they choose arbitration instead
of litigation to resolve disputes. . . . The cost of such arbitration shall be
divided equally among the parties to the arbitration. Each party shall bear the
cost of their own expenses and attorney's fees.

 . . .

 Buyer acknowledges that Seller is a Florida corporation with its principal place
of business in the State of Florida. The parties acknowledge that some or all
of the materials, fixtures, and equipment, as well as the source of financing
contemplated by this contract, will be purchased, received or have their origin
from sources outside the state when this contract is entered into.


 Notwithstanding the foregoing, Seller and its assigns, retain the option to use
judicial or non-judicial relief to seek (i) such remedies as foreclosure and
ejectment granted to Seller or its successors and assigns in the Mortgage, (ii)
suits to quiet title to any Property covered by the Mortgage, (iii) suits to
establish equitable liens, and (iv) suits to collect any sums due and owing
under this Contract, the promissory Note, or the Mortgage. The institution and
maintenance of an action for judicial relief in a court to seek the remedies of
foreclosure and ejectment, to establish quiet title and equitable liens, or to
collect any sums due and owing under the Contract, Promissory Note and/or
Mortgage shall not constitute a waiver of the right of any party to compel
arbitration regarding any other dispute or remedy subject to arbitration in this
Contract, including the filing of a counterclaim in a suit brought by Seller, or
its assigns, pursuant to this provision.

 

The trial court denied Jim Walter Homes' motion to compel arbitration. See 9 U.S.C.A. §§
1-16 (West 1999); Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001-.098 (Vernon 2005).

 Jim Walter Homes filed a petition for writ of mandamus with this Court, (1) asserting
its right to arbitration. See In re AdvancePCS Health L.P., 48 Tex. Sup. Ct. J. 584, 2005 WL
856961, at *2 (Tex. Apr. 15, 2005)(per curiam). A writ of mandamus will issue to correct
a clear abuse of discretion when there is no adequate remedy at law. In re FirstMerit Bank,
N.A., 52 S.W.3d 749, 753 (Tex. 2001); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)
(orig. proceeding). A party erroneously denied a right to arbitrate under the Federal
Arbitration Act has no adequate legal remedy. In re FirstMerit Bank, N.A., 52 S.W.3d at
753. 

 Ayers contends the arbitration agreement is unenforceable because it is not signed by
a representative of Jim Walter Homes. However, as the Supreme Court recently stated,
"[N]either the FAA nor Texas law requires that arbitration clauses be signed, so long as they
are written and agreed to by the parties." AdvancePCS Health, 2005 WL 856961 at *2
(citations omitted). We do not read paragraph 4 of the contract -- which provides in part that
"instruments signed in connection with this transaction" contain all the terms of the
agreement -- as requiring both parties' signatures on the arbitration agreement. Ayers signed
an arbitration agreement prepared and presented to him for his signature by Jim Walter
Homes, and the absence of Jim Walter Homes's signature does not establish the lack of an
agreement to arbitrate this case. 

 Ayers also argues the agreement lacks mutuality, and so no consideration was
exchanged for his surrender of the right to litigate disputes. Ayers contends the arbitration
agreement lacks mutuality because Jim Walter Homes has a unilateral right to opt out of
arbitration on claims it chooses to assert. When parties enter into a stand-alone arbitration
agreement, "binding promises are required on both sides as they are the only consideration
rendered to create a contract." Id. However, the Supreme Court has further explained that
"when an arbitration clause is part of an underlying contract, the rest of the parties'
agreement provides the consideration." Id. The arbitration agreement here does not lack
consideration; it is part of an underlying contract that provides the necessary consideration. 
See id. 

 Ayers also argues the arbitration agreement is "void for lack of an essential term
required by the DTPA." He maintains the provision requiring him to bear half of the
arbitration cost and all of his own expenses and attorney's fees is void and unenforceable
because it does not include a waiver provision in the form required by the DTPA. He notes
a consumer who prevails under the DTPA is entitled to recover court costs and attorney's
fees. See Tex. Bus. & Comm. Code Ann. § 17.50(d) (Vernon 2002). He argues any waiver
by a consumer of the DTPA provisions in an arbitration agreement must be conspicuous and
in bold-face type of at least 10 points in size, identified by the heading "Waiver of Consumer
Rights" or words of similar meaning, and in a statutorily-prescribed form. Tex. Bus. &
Comm. Code Ann. § 17.42(c) (Vernon 2002). He notes the provision here is not in this
form. See id. 

 Generally, when part of the consideration for an agreement is illegal, the entire
agreement is void if the contract is indivisible. In re Kasschau, 11 S.W.3d 305, 313 (Tex.
App.--Houston [14th Dist.] 1999, no pet.). However, if the original consideration for a
contract is legal and only an incidental promise within the contract is illegal, the illegal
provision may be severable. Id; see also Rogers v. Wolfson, 763 S.W.2d 922, 925 (Tex.
App.--Dallas 1989, writ denied). A court may sever an invalid provision and uphold the
valid portion if the invalid provision does not constitute the essential purpose of the
agreement. Kasschau, 11 S.W.3d at 313 (citing Rogers, 763 S.W.2d at 925). In determining
whether the contract is severable, courts examine the parties' intent expressed by the
language in the contract. Id. 

 The purpose of the arbitration agreement here is to provide a particular method for the
resolution of certain disputes arising under the retail installment agreement. We note the
contract contains the following severability clause:

 27. Should any provision of this Retail Installment Contract be deemed by
a court of competent jurisdiction to be unenforceable, that
determination will not affect the enforceability of the remaining
provisions.


Because the provision apportioning arbitration costs, attorney's fees, and expenses is
severable from the remainder of the arbitration agreement, the provision would not render
the entire arbitration agreement unenforceable. See Kasschau, 11 S.W.3d at 313; Rogers,
763 S.W.2d at 925; see also generally Rogers v. Maida, 126 S.W.3d 643, 645-46 (Tex. App.--Beaumont 2004, orig. proceeding). We conclude the enforceability of the agreement to
apportion costs, fees and expenses is a question for the arbitrator. See Smith v. H.E. Butt
Grocery Co., 18 S.W.3d 910, 912 (Tex. App.--Beaumont 2000, pet. denied) (Enforceability
of terms and conditions of agreement is an issue for the arbitrator.). 

 Finally, Ayers contends the arbitration agreement is unconscionable. In addition to
his argument concerning the arbitration costs and attorney's fees, he contends the contract
provides Jim Walter Homes a unilateral right to opt out of arbitration. He maintains the
agreement does not comport with the Minimum Standards of Procedural Fairness adopted
by JAMS, the arbitrator designated in the agreement.

 Generally, arbitration agreements are not considered unconscionable under Texas law;
to the contrary, state law strongly favors arbitration. See generally Cantella & Co., Inc. v.
Goodwin, 924 S.W. 2d 943, 944 (Tex. 1996)("Federal and state law strongly favor
arbitration."). In line with this view, we conclude the parties may agree to arbitrate less than
all of their disputes without necessarily violating public policy. See In re FirstMerit Bank,
N.A., 52 S.W.3d at 757-58 (Upholding arbitration agreement which excepted certain claims). 
The procedures to be followed in the arbitration in this case will be determined by the
arbitrator. See In re Wood, 140 S.W.3d 367, 369-70 (Tex. 2004) (Arbitrator determines the
rules governing arbitration.). On this record, we do not find the arbitration agreement
unconscionable. 

 We conclude the trial court erred in denying the motion to compel arbitration. See 
Capital Income Properties-LXXX v. Blackmon, 843 S.W.2d 22, 23 (Tex. 1992) (When a
party seeking arbitration under the FAA establishes that a valid arbitration agreement exists
and the claims raised are within the scope of the agreement, the court must compel arbitration
and stay its proceedings.). The petition for writ of mandamus in cause number 09-05-293-CV is conditionally granted. The trial court is instructed to enter an order compelling
arbitration. The writ of mandamus will issue only if the trial court fails to comply with this
opinion. The interlocutory appeal in cause number 09-05-226-CV is dismissed. 

 PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED;
APPEAL DISMISSED.

 PER CURIAM



Submitted on August 29, 2005

Opinion Delivered November 10, 2005


Before McKeithen, C.J., Gaultney and Kreger, JJ.



 
1. Jim Walter Homes also filed an interlocutory appeal under the Texas Arbitration
Act. However, the contract indicates the transaction involves interstate commerce and
neither party contests this assertion. The Federal Arbitration Act (FAA) preempts the
Texas Arbitration Act. Accordingly, we dismiss the interlocutory appeal filed under the
state act, and consider the issue under the FAA on the petition for writ of mandamus. See
Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 271-72 (Tex. 1992) (The FAA
preempts the Texas Arbitration Act, and an order denying arbitration under the FAA must
be contested by mandamus.).