

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBER 13-09-00424-CV

WINDSOR NURSING CENTER PARTNERS
OF CORPUS CHRISTI, LTD., D/B/A CORPUS
CHRISTI NURSING AND REHABILITATION
CENTER, ET AL,                                                    Appellants,

v.

KATHLEEN YESIAN, BELINDA GOOD,
JESSICA A. ROSAS, PATY SIEBER YOUNG,
AND WENDI MARTINEZ,                                          Appellees.

On appeal from the County Court at Law No. 4
of Nueces County, Texas.

## NUMBER 13-09-00452-CV

IN RE WINDSOR NURSING CENTER PARTNERS OF CORPUS CHRISTI
LTD., D/B/A CORPUS CHRISTI NURSING AND REHABILITATION
CENTER, REGENCY NURSING AND REHABILITATION CENTERS, INC.,

**WINDSOR NURSING AND REHABILITATION CENTER, INC., WINDSOR CORPUS CHRISTI NURSING CENTER, INC., HEBER LACERDA, AND DONALD KIVOWITZ**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides Memorandum Opinion by Justice Benavides**

By petition for writ of mandamus and appeal, Windsor Nursing Center Partners of Corpus Christi, Ltd., d/b/a Corpus Christi Nursing and Rehabilitation Center, Regency Nursing and Rehabilitation Centers, Inc., Windsor Nursing and Rehabilitation Center, Inc., Windsor Corpus Christi Nursing Center, Inc, Heber Lacerda, and Donald Kivowitz, (hereinafter collectively referred to as "Windsor") contend that the trial court abused its discretion in denying their motion to compel arbitration. We affirm the trial court's order in appellate cause number 13-09-00424-CV and deny the petition for writ of mandamus in appellate cause number 13-09-00452-CV.

## I. BACKGROUND

Windsor operates a nursing home in Corpus Christi, Texas. Appellees and real parties in interest, Kathleen Yesian, Belinda Good, Jessica A. Rosas, Paty Sieber Young, and Wendi Martinez, were employed by Windsor as nurses. Alleging that the administrator of the nursing home subjected them to physical, sexual, and emotional abuse, these employees filed suit against Windsor on August 13, 2008, including claims

of sexual assault, offensive touching, premises liability, negligence, and gross negligence.[1]

On October 24, 2008, Windsor filed a "Motion to Stay Litigation and Compel Arbitration" pursuant to section 171.021 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.021 (Vernon 2005).[2]  Windsor alleged that its employees were bound to arbitrate their claims based on acknowledgments that the employees signed as part of their employee application process.  These acknowledgments contained arbitration agreements:

ARBITRATION AGREEMENT

> The Company and applicant ("Applicant") mutually agree, if elected in accordance with this Arbitration Agreement, to the resolution, through final and binding arbitration, of any and all legal or equitable disputes or claims between them, including but not limited to those claims or disputes relating to or arising from or out of the employment relationship or hiring process between the Company and Applicant, including, without limitation, claims and disputes pertaining to Applicant's hiring.

The motion to compel arbitration attached copies of the five employees'

---

[1] Intervenor, Gotcher Construction, Inc., the defendant below who owned the premises at issue, filed a "Motion in Support of Original Petition for Writ of Mandamus" in cause number 13-09-00452-CV. This motion is DISMISSED as moot.

[2] Appellants filed a separate proceeding in federal court to compel arbitration, which was dismissed for lack of jurisdiction.  *Windsor Nursing Ctr. Partners of Corpus Christi, Ltd v. Yesian*, No. V-09-08, 2009 U.S. Dist. LEXIS 25795, at **7-8 (S.D. Tex. Mar. 30, 2009) ("In sum, the parties are not diverse, the FAA does not independently grant jurisdiction over petitions to compel arbitration, a 'look through' at the underlying State Action reveals that it does not arise under federal law, the complete preemption doctrine does not convert that state-law-based action into a federal one, and the Constitution does not independently grant jurisdiction.  Thus, the Court has no subject matter jurisdiction and the cause must be dismissed.").

acknowledgments, which included the foregoing language and which were signed by plaintiffs; however, the motion to compel was neither verified nor supported by affidavits or other evidence.[3]

On November 19, 2008, the employees filed their "Plaintiffs' Response to the . . . Motions to Stay Litigation and Compel Arbitration under Texas Civil Practice & Remedies Code § 171.021." In their response, the employees contended that: the Texas Arbitration Act was inapplicable; the arbitration agreements were not within the scope of the Texas Arbitration Act; and Windsor failed to carry its burden to show that the Texas Arbitration Act required arbitration.

On November 21, 2008, Windsor filed a "Notice of Election to Arbitrate," whereby it asserted that it was exercising its right to elect arbitration under "the Federal Arbitration Act, the Texas General Arbitration Act[,] and at common law." Windsor attached the aforementioned employee acknowledgments to its election; however, the notice of election was neither verified nor supported by affidavit.

On May 5, 2009, Windsor filed "Defendant's Reply to Plaintiffs' Response to Motion to Compel Arbitration." In this document, Windsor expounded on its alleged right to arbitrate and provided argument disputing regarding some of the plaintiffs' defenses to arbitration.

---

[3] The original "Motion to Stay Litigation and to Compel Arbitration" was filed by Windsor Nursing Center Partners of Corpus Christi, Ltd., d/b/a Corpus Christi Nursing and Rehabilitation Center. Regency Nursing and Rehabilitation Center, Inc., Windsor Nursing and Rehabilitation Center, Inc., Windsor Corpus Christi Nursing Center, Inc., Heber Lacerda, and Donald Kivowitz each filed individual motions to adopt the original motion to compel. Subsequent filings generally followed this same pattern of adoption.

4

On May 6, 2009, the employees filed a first amended original petition and a "Sur-Reply Concerning the Nursing Home Defendants' Motions to Stay Litigation and Compel Arbitration Under Texas Civil Practice & Remedies Code § 171.021." In addition to the arguments previously raised, the employees contended that: Windsor had not proven a valid arbitration agreement; Windsor failed to timely assert that the FAA applied, and if the FAA did apply, then Windsor had not proven the transaction affected interstate commerce; the FAA cannot preempt the employees' claims under labor code section 406.033 under the McCarran-Ferguson Act, 15 U.S.C. § 1012; and that any purported pre-injury agreement to waive punitive damages is unconscionable and unenforceable. *See* TEX. LAB. CODE ANN. § 406.033 (Vernon 2006) (providing that causes of action against a non-subscribing employer to recover damages for personal injuries or death sustained by an employee in the course and scope of the employment may not be waived by an employee before the employee's injury or death); *see also* 15 U.S.C. § 1012(b) (2006) (providing that state laws enacted for the purpose of regulating insurance prevail over general federal laws that do not specifically relate to the business of insurance).

On May 18, 2009, Windsor filed a "Supplemental Motion to Stay Litigation and Compel Arbitration." This document addressed and expounded on legal arguments made in support of arbitration. Also that day, Windsor filed an "Amended Notice of Submission Regarding Motion to Stay Litigation and Compel Arbitration":

> PLEASE TAKE NOTICE [Windsor's] pending Motion to Stay Litigation and to Compel Arbitration of Plaintiffs' claims pursuant to the Federal

5

Arbitration Act, the Texas General Arbitration Act[,] and at common law has been presented to the County Court at Law No. 4 for Nueces County, Texas for consideration and ruling by submission on Friday, May 22, 2009.

On May 21, 2009, the employees filed an additional response to Windsor's motion to compel, again asserting that Windsor had failed to prove an agreement to arbitrate and specifically pointing out, in relevant part, that Windsor's "evidence" consisted of unsworn copies of purported arbitration agreements which were not properly identified or authenticated.

The following day, May 22, 2009, the date of submission, Windsor filed the affidavits of Julie Kemp and Daniel DeLeon. DeLeon's affidavit addressed Windsor's activity in interstate commerce. Kemp's affidavit addressed the employees' acknowledgments as business records. Based on the record before us, Windsor neither filed a motion for leave to file the affidavits, nor did it file them in conjunction with a supplemental motion to compel arbitration. In its brief, Windsor contends that its "May 22, 2009, filing letter transmitted the two affidavits by hand delivery to the district clerk and to respondent's court coordinator." This filing letter, which is not file-stamped, is included in Windsor's appendix, but is not included in the supplemental clerk's record containing these affidavits. *See Cantu v. Horany*, 195 S.W.3d 867, 870 (Tex. App.–Dallas 2006, no pet.) ("An appellate court cannot consider documents cited in a brief and attached as appendices if they are not formally included in the record on appeal."); *Till v. Thomas*, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (same).

6

On June 17, 2009, the trial court rendered the following order denying Windsor's motion to compel arbitration:

> On this, the 22nd day of May, 2009, came on to be considered by submission and without hearing [Windsor]'s Motion to Stay Litigation and to Compel Arbitration. The Court hereby sustains Plaintiffs' objections to Movant's unsworn evidence and DENIES the Motion to Stay Litigation and to Compel Arbitration is hereby DENIED.

Following entry of this order, Windsor did not move for rehearing or otherwise inform the trial court that it had filed affidavits pertaining to the issue of arbitrability on the date of submission. On July 21, 2009, Windsor filed additional affidavits and its notice of appeal. On August 4, 2009, Windsor filed the petition for writ of mandamus currently under review. The Court requested and received a response to the petition for writ of mandamus from the employees and has further received multiple supplemental briefs from both Windsor and the employees.

Windsor raises six issues on appeal. By its first four issues, it argues that the trial court abused its discretion by not compelling arbitration: (1) when presented with valid and authenticated arbitration agreements and the claims in dispute are within the scope of the agreements; (2) because the employees did not present evidence that (a) Windsor waived its right to arbitrate or (b) the arbitration agreements were either unconscionable, invalid without signatures of counsel, or subject to any other valid defense; (3) because the Federal Arbitration Act ("FAA") preempts Texas state law, including the Texas Arbitration Act ("TAA") and the Texas Workers Compensation Act; and (4) because the parties agreed to arbitrate under the FAA, and in any event, the

uncontested evidence demonstrates that the nursing facility business affects interstate commerce. By its last two issues, Windsor contends that the employees' "arguments in opposition to arbitration are without merit" and the "Texas case law trend mandates arbitration in this case." By mandamus, Windsor reiterates the first four issues raised in its appeal. In contrast, the employees contend that the trial court did not abuse its discretion in refusing to compel arbitration because, inter alia, Windsor failed to meet its burden to prove valid arbitration agreements; the TAA precludes arbitration of personal injury claims; the McCarran-Ferguson Act prevents the FAA from preempting and requiring arbitration of non-subscriber claims; the waiver of punitive damages must be severed from the arbitration clause; and intervenor, Gotcher Construction, is entitled to no relief.

## II. FEDERAL ARBITRATION ACT AND TEXAS ARBITRATION ACT

The TAA and FAA provide alternative vehicles for relief. *See In re Educ. Mgmt. Corp.*, 14 S.W.3d 418, 425 (Tex. App.–Houston [14th Dist.] 2000, orig. proceeding). A trial court's order denying a motion to compel arbitration may be reviewed by interlocutory appeal when the motion is brought under the TAA. TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1) (Vernon 2005). When the order at issue was signed, mandamus was the appropriate vehicle to challenge an order denying arbitration under the FAA.[4] *In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007) (orig. proceeding)

---

[4] Section 51.016 of the Civil Practice and Remedies Code was amended, effective September 1, 2009, to allow an interlocutory appeal of an order denying a motion to compel arbitration under the FAA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (Vernon Supp. 2010). Section 51.016 does not apply to

8

(per curiam); *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 91 (Tex. 1996) (per curiam).

Ordinarily, we first determine whether the FAA or the TAA applies because the inquiry is dispositive of our jurisdiction. *Okorafor v. Uncle Sam & Assocs.*, 295 S.W.3d 27, 35 (Tex. App.–Houston [1st Dist.] 2009, pet. denied). In the instant case, the employee acknowledgment provides that:

> This Agreement shall be enforceable under the Texas General Arbitration Act, the Federal Arbitration Act and at common law. The arbitration hearing and all related proceedings shall be conducted in Victoria County, Texas, unless otherwise agreed. The parties agree that the arbitrator will apply the substantive law of the state of Texas, or federal law, as applicable to the claim asserted. The Texas Rules of Evidence and Civil Procedure will apply to such proceedings.

If both the FAA and the TAA apply, then we possess concurrent interlocutory appellate jurisdiction and mandamus jurisdiction. *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 778-79 (Tex. 2006) (orig. proceeding); *Wachovia Sec., LLC v. Mims (In re Wachovia Sec., LLC)*, 312 S.W.3d 243, 246 (Tex. App.–Dallas 2010, no pet.) (combined appeal & orig. proceeding).

### III. ARBITRATION

A party seeking to compel arbitration has the initial burden to establish the arbitration agreement's existence and to show that the claims asserted fall within the agreement's scope. *In re Kellogg Brown & Root*, 80 S.W.3d 611, 615 (Tex.

---

this matter because the order at issue was signed on June 17, 2009 and this appeal was initiated before September 1, 2009. Act of May 31, 2009, 81st Leg., R.S., ch. 820, §§ 1, 2, 3, 2009 TEX. GEN. LAWS 820 ("The change in law made by this Act does not apply to the appeal of an interlocutory order in an action pending on the effective date of this Act if the appeal of the order is initiated before the effective date of this Act.").

App.–Houston [1st Dist.] 2002, orig. proceeding); *Mohamed v. Auto Nation USA Corp.*, 89 S.W.3d 830, 836 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (combined appeal & orig. proceeding) ("The burden of showing one's status as a party or one's right to enforce, as with the overall burden of establishing the arbitration agreement's existence, is generally evidentiary."); *In re Koch Indus., Inc.*, 49 S.W.3d 439, 444 (Tex. App.–San Antonio 2001, orig. proceeding) ("The party seeking arbitration has the initial burden to present evidence of an arbitration agreement."). If the party seeking arbitration carries its initial burden, the burden then shifts to the party resisting arbitration to present evidence on its defenses to the arbitration agreement. *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999) (orig. proceeding).

One of our sister courts has explained that a motion to compel arbitration should be treated as "essentially a motion for summary judgment, subject to the same evidentiary standards." *In re Jebbia*, 26 S.W.3d 753, 756-57 (Tex. App.–Houston [14th Dist.] 2000, orig. proceeding); *see also In re Jim Walter Homes, Inc.*, 207 S.W.3d 888, 896-97 (Tex. App.–Houston [14th Dist.] 2006, orig. proceeding). The party alleging an arbitration agreement must present "complete summary proof of his 'case-in-chief'" that an agreement to arbitrate requires arbitration of the dispute. *In re Jebbia*, 26 S.W.3d at 756-57. Once this is accomplished, the party resisting arbitration may raise an issue of material fact about his opponent's proof or present some evidence supporting every element of a defensive claim that there is no enforceable agreement to arbitrate. *See id.* Only if a material issue of fact is raised is an evidentiary hearing necessary. *Id.*

10

In *Jack B. Anglin Co., Inc. v. Tipps*, the Texas Supreme Court defined the proper circumstances under which a trial court should hold a full evidentiary hearing on a motion to compel arbitration:

> Because the main benefits of arbitration lie in expedited and less expensive disposition of a dispute, and the legislature has mandated that a motion to compel arbitration be decided summarily, we think it unlikely that the legislature intended the issue to be resolved following a full evidentiary hearing in all cases. We also envision that the hearing at which a motion to compel arbitration is decided would ordinarily involve application of the terms of the arbitration agreement to undisputed facts, amenable to proof by affidavit. With these considerations in mind, we hold that the trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. However, if the material facts necessary to determine the issue are controverted, by an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts.

842 S.W.2d 266, 269 (Tex. 1992). The supreme court reaffirmed and reapplied these principles in 2008. *See In re Poly-America, L.P.*, 262 S.W.3d 337, 354 (Tex. 2008) ("Because the only facts Luna presented on the motion to compel were uncontroverted under this standard—Luna's affidavits accompanying his original petition were neither contradicted nor challenged in Poly-America's response—we believe the court of appeals acted properly in crediting those facts on appeal."). It is an abuse of discretion to grant or deny arbitration without holding an evidentiary hearing if there are disputed issues of material fact. *See, e.g., In re Wash. Mut. Fin., L.P.*, 173 S.W.3d 189 (Tex. App.–Corpus Christi 2005, orig. proceeding) (holding that the trial court abused its discretion by sustaining a defense to arbitration without holding an evidentiary hearing to determine disputed issues of material fact); *Rogers v. Maida*, 126 S.W.3d 643, 646 (Tex.

11

App.–Beaumont 2004, orig. proceeding) (holding that the trial court erred in not conducting an evidentiary hearing on arbitrability of dispute).

## IV. ANALYSIS

In the instant case, Windsor did not request an oral or evidentiary hearing on its motion to compel arbitration and, instead, set its motion to compel for submission to the trial court on a specified day, but not at a specified time. *See, e.g., Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 782 (Tex. 2005) (encouraging the submission of written proof when testimony and evidence can fairly resolve factual issues). While Windsor's motions to compel arbitration were filed in October and November 2008, the affidavits in support of the motions to compel arbitration were not filed for approximately six months after the motions themselves were filed, and were not filed until the date of submission itself, May 22, 2009. Windsor did not file a motion for leave to file the affidavits, and it did not file the affidavits in conjunction with a supplemental motion to compel arbitration. The submission date was neither reset nor revised, and Windsor did not request that the submission date be extended or continued.

When the trial court sustained appellees' objections to Windsor's "unsworn" evidence, Windsor failed to request an evidentiary hearing, move for rehearing, or otherwise inform the trial court that it had filed affidavits in support of its motions to compel. Instead, Windsor filed its notice of appeal, concomitantly with filing additional affidavits, and filed a petition for writ of mandamus asking this Court to compel the trial court to grant Windsor's motion to compel arbitration. We note, in this regard, that

12

Windsor does not complain that the trial court erred in failing to conduct an evidentiary hearing.

By Windsor's first issue, Windsor alleges that the trial court abused its discretion in refusing to order arbitration "when presented with valid and authenticated arbitration agreements and the claims in dispute are within the scope of the agreements."  We disagree.   The affidavits were not offered into evidence, and the trial court did not issue an order excluding them.   In examining a similar situation, the Texas Supreme Court stated as follows:

> There is an affidavit for a continuance in the transcript, indorsed, sworn to and filed by the clerk, but there does not appear to have been any action of the court upon it, nor does it appear that it had ever been submitted to the consideration of the judge, nor his attention in any way called to it.   The record, therefore, does not show that there was a refusal on the part of the court to continue the case.

*Pennell v. Lovett*, 15 Tex. 265, 266, 1855 Tex. LEXIS 257, at *2 (1855); *see In re Cont'l Ins. Co.*, 994 S.W.2d 423, 427 (Tex. App.–Waco 1999, orig. proceeding) ("The affidavit was not marked, offered or even discussed in the hearing that is the subject of this mandamus proceeding.   An affidavit that is simply filed with the clerk and is in no way brought to the trial court's attention is not evidence.").   Similarly, either on appeal or by original proceeding, the trial court is not required to consider a motion unless it is called to its attention.   *In re Smith*, 263 S.W.3d 93, 96 (Tex. App.–Houston [1st Dist.] 2006, orig. proceeding); *Risner v. McDonald's Corp.*, 18 S.W.3d 903, 909 (Tex. App.–Beaumont 2000, pet. denied); *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.–Houston [1st Dist.] 1994, writ denied).   Accordingly, in the instant case, merely

13

showing that the affidavits were filed with the district clerk on the date of submission does not impute the clerk's knowledge of the filing to the trial court, nor does the filing of the affidavits with the court clerk in and of itself bring them to the attention of the trial court. *Cf. In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.–Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling."); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.–Amarillo 2004, orig. proceeding) ("A court is not required to consider a motion not called to its attention."); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding) ("[M]erely stating that something was 'properly filed' is insufficient basis from which to reasonably infer that the trial court had notice of that something and the need to act on it.").

Texas Rule of Appellate Procedure 33.1 provides that, as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A); *see Wal-Mart Stores v. McKenzie*, 997 S.W.278, 280 (Tex. 1999) ("To preserve a complaint for appellate review, a party must present to the trial court a timely request, motion, or objection, state the specific grounds therefore, and obtain a ruling."). Preservation also requires one of three things:   (1) an express ruling by the trial court;

14

(2) an implicit ruling by the trial court; or (3) a refusal to rule by the trial court, coupled with an objection to that refusal by the complaining party. *See* TEX. R. APP. P. 33.1(a)(2). Stated otherwise, if a party does not present an argument to the trial court through a timely request, objection, or motion, the argument is not preserved and cannot be made on appeal. *See id.* at R. 33.1(a)(1); *see also Bates v. City of Beaumont*, 241 S.W.3d 924, 929 (Tex. App.–Beaumont 2007, no pet.). This principle applies equally to parties seeking a writ of mandamus. *See In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 936, 937-38 (Tex. App.–Tyler 2005, orig. proceeding); *In re Chavez*, 62 S.W.3d at 228.[5]

Rule 33.1 ensures that the trial court has the opportunity to rule on matters for which parties later seek review in the appellate court. *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d at 936; *Dolcefino v. Randolph*, 19 S.W.3d 906, 926 (Tex. App.–Houston [14th Dist.] 2000, pet. denied). Thus, as a general rule, a party may not raise an issue for the first time on appeal. *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993). As stated by the Texas Supreme Court:

> Important prudential considerations underscore our rules on preservation. Requiring parties to raise complaints at trial conserves judicial resources by giving trial courts an opportunity to correct an error before an appeal proceeds. In addition, our preservation rules promote fairness among litigants. A party "should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his opponent on appeal by stating his complaint for the first time." Moreover, we further the goal of accuracy in judicial decision-making when lower courts have the opportunity to first consider and rule on error. Not only do the parties

---

[5] To obtain mandamus relief for an alleged refusal to rule on a motion, a party must show that: (1) the trial court had a legal duty to act; (2) there was a demand for performance; and (3) there was a refusal to act. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Smith*, 263 S.W.3d 93, 96 (Tex. App.–Houston [1st Dist.] 2006, orig. proceeding).

15

> have the opportunity to develop and refine their arguments, but we have the benefit of other judicial review to focus and further analyze the questions at issue.

*In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003) (orig. proceeding) (citations omitted). In this case and on this record, Windsor has not demonstrated that it brought its affidavits to the trial court's attention in connection with its motion to compel arbitration, either before or after the order denying arbitration was issued. And, even assuming the trial court was aware that the affidavits had been filed and failed to consider them, Windsor did not preserve error by objecting to that refusal. *See* TEX. R. APP. P. 33.1(a)(2).

We further note that Windsor's issues on appeal are premised on its "uncontested" evidence and the fact that the "[e]mployees did not present any evidence" regarding their alleged defenses. Unlike other types of proceedings, such as those pertaining to motions for summary judgment, arbitration determinations are not governed by express rules or statutory authority providing specific time lines for filing motions, responses, or evidence, or requiring a specific amount of notice prior to hearing. *See* TEX. R. CIV. P. 87(1) (providing specific period for notice of a hearing on a motion to transfer venue and providing specific deadlines for filing evidence), 120a (providing deadlines for filing affidavits in support of special appearances), 166a(c) (providing specific period for notice of hearing on motion for summary judgment and deadlines for filing evidence). The rules of civil procedure and case law do, however, provide some general authority. *See, e.g.*, TEX. R. CIV. P. 21 (requiring that a motion and notice of hearing be served not less than three days prior to hearing "unless otherwise provided

16

by these rules or shortened by the court"), 270 (court may permit additional evidence to be offered at any time "[w]hen it clearly appears to be necessary to the due administration of justice" except for evidence on a controversial matter after a jury verdict).[6]

We concur with the Tyler Court of Appeal's comments in assessing allegations similar to those made by Windsor in this case:

> [I]t is conceivable that a party could file a motion and set it for hearing three days later, thereby requiring the opposing party to file a response that same day, or risk not being able to present evidence at the hearing. We doubt Rule 21 requires that all motions and responses be filed and served at least three days prior to a hearing. Irrespective of this fact, this Court neither encourages nor endorses the use of the Rules of Civil Procedure, or, in circumstances like these, the absence of rules directly applicable to an issue, as a means to ambush opposing counsel. Such practice is clearly contrary to the objectives of the rules. *See* TEX. R. CIV. P. 1; *see also Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) ("The purpose of the rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the litigants' rights under established principles of

---

[6] Texas Rule of Civil Procedure 270 provides that a trial court may permit additional evidence to be offered at any time when it clearly appears necessary to the administration of justice. TEX. R. CIV. P. 270. Rule 270 allows, but does not require, the court to permit additional evidence. *Lopez v. Lopez*, 55 S.W.3d 194, 201 (Tex. App.–Corpus Christi 2001, no pet.). However, the trial court should exercise its discretion liberally in the interest of permitting both sides to fully develop the case in the interest of justice. *See Word of Faith World Outreach Ctr. Church v. Oechsner*, 669 S.W.2d 364, 366-67 (Tex. App.–Dallas 1984, no writ). The trial court's determination regarding whether to allow additional evidence is reviewed under an abuse of discretion standard. *Estrello v. Elboar*, 965 S.W.2d 754, 759 (Tex. App.–Fort Worth 1998, no pet.). In determining whether to grant a motion to reopen, the trial court considers whether: (1) the moving party showed due diligence in obtaining the evidence; (2) the evidence is decisive; (3) reception of such evidence will cause undue delay; and (4) granting the motion will cause an injustice. *Hernandez v. Lautensack*, 201 S.W.3d 771, 778-79 (Tex. App.–Fort Worth 2006, pet. denied). A trial court does not abuse its discretion by refusing to reopen a case after evidence is closed if the party seeking to reopen has not shown diligence in attempting to produce the evidence in a timely fashion. *See id.*

17

substantive law."); *Spiecker v. Petroff*, 971 S.W.2d 536, 539 (Tex. App.–Dallas 1997, no pet.) ("The rules were not designed as traps for the unwary nor should they be construed in order to prevent a litigant from presenting the truth to the trier of fact.").

*Gessmann v. Stephens*, 51 S.W.3d 329, 340 (Tex. App.–Tyler 2001, no pet.); *see Rogers v. Maida*, 126 S.W.3d 643, 646 (Tex. App.–Beaumont 2004, no pet.) (combined appeal & orig. proceeding) ("Nevertheless, in the absence of any requirements that the controverting evidence must be timely filed, we find the trial court erred in striking Saldivar's affidavit and in failing to conduct an evidentiary hearing.").

We are mindful that an appellate court will not interfere with a trial court's broad discretion to manage and control its docket absent a showing of clear abuse of that discretion. *See Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982). Moreover, we are also aware that a party cannot lead a trial court into error and then complain about it later on appeal. *See Union City Body Co. v. Ramirez*, 911 S.W.2d 196, 202-03 (Tex. App.–San Antonio 1995, no writ); *see, e.g., Kelly v. Cunningham*, 848 S.W.2d 370, 371 (Tex. App.–Houston [1st Dist.] 1993, no writ). We note that Windsor did not claim below and does not claim here that it was entitled to an evidentiary hearing. In any event, Windsor bore the burden, by presenting summary evidence, to show the existence of an arbitration agreement and that the claims at issue were within its scope. *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999); *Anglin*, 842 S.W.2d at 269. We hold that Windsor did not carry its initial burden of showing an arbitration agreement that it could enforce. Accordingly, the trial court did not abuse its discretion in denying the motion to compel arbitration. Because we have reached this conclusion,

18

we need not address other issues raised in these proceedings.    *See* TEX. R. APP. P. 47.1.

## V.  CONCLUSION

The stay previously imposed by this Court is LIFTED.    The trial court's order in appellate cause number 13-09-00424-CV is AFFIRMED, and the petition for writ of mandamus in appellate cause number 13-09-00452-CV is DENIED.


_____
GINA M. BENAVIDES,
Justice


Delivered and filed the
7th day of June, 2011.

19