In re Martha WOOD, Patricia Haynes, Ellie L. Corley, and All Others Similarly Situated, Relators.

No. 03–0754.

Supreme Court of Texas.

July 9, 2004.

William Fred Hagans, Hagens, Bobb & Burdine, P.C., Joseph D. Jamail, Jamail & Kolius, Ronald D. Krist, The Krist Law Firm, P.C., Houston, Terry Scarborough, Hance Scarborough Wright, Austin, Clay Wilder, Wilder & Wilder, P.C., Henderson, and Dana C. Livingston Cobb, J. Woodfin

Jones, Roger Townsend, Douglas Alexander, Alexander Dubose Jones & Townsend LLP, Austin, for Relators.

Billy Shepherd, Sam W. Cruse Jr., John D. Vogel, Cruse Scott Henderson & Allen, L.L.P., Houston, Mike A. Hatchell, J.R., Locke Liddell & Sapp, LLP, Austin, J.R. "Rusty" Phenix, Phenix Phenix & Crump, Henderson, for Respondent.

## PER CURIAM.

We must decide whether an arbitrator or a court should rule on class certification issues when the contracts at issue committed all disputes arising out of the agreement to the arbitrator. In these circumstances, we hold that such authority resides in the arbitrator, and we reverse the judgment of the court of appeals to the contrary. 2004 WL 1595731.

Real party in interest John O'Quinn represented over 3,000 women in breast-implant litigation. He has settled 2,000 of those claims for close to $2 billion, among them the claims of named plaintiffs Martha Wood, Patricia Haynes, and Ellie L. Corley (hereinafter Wood). Each of the plaintiffs signed a contract with a clause stating that attorneys would be reimbursed out of the "costs and expenses of litigation." When Wood and other O'Quinn clients received their net settlement proceeds, they discovered a 1.5 percent deduction for "common expenses." The contracts provide that all disputes arising out of the fee agreement will be submitted to binding arbitration "pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration rules then in effect with the American Arbitration Association."

This suit was filed on behalf of a putative class of more than 2,000 O'Quinn clients. Without ruling on class certification, the trial court ordered the case to arbitration. Wood sought mandamus relief in both the court of appeals and this Court, arguing that the lawsuit should not be ordered to arbitration. Both courts denied relief. Wood then moved to clarify who would decide the class certification issue, and the trial court signed an order referring all claims, including class claims, to arbitration. The order specifically authorized the arbitrator to decide the class certification issue.

O'Quinn sought mandamus relief in the court of appeals, requesting that the trial court be ordered to refer each of the claims to a separate arbitration. The court of appeals did not make this order, but it did conditionally grant the writ, directing the trial court to vacate the second order and to determine whether the parties' agreement permitted class arbitration and, if so, whether to certify the class. The trial court promptly vacated the second order authorizing the arbitrator to decide the class certification issue.

Two days before the court of appeals issued its opinion, the United States Supreme Court held that, where parties agreed to submit all disputes to an arbitrator under the Federal Arbitration Act, issues of class arbitration are for the arbitrator to decide. *Green Tree Fin. Co. v. Bazzle*, 539 U.S. 444, 123 S.Ct. 2402, 2407, 156 L.Ed.2d 414 (2003) (plurality opinion).[1]

---

1. Four Justices joined the plurality and four Justices dissented. Justice Stevens concurred in the judgment, approving of the plurality's reasoning but arguing that the Court may have reached an issue that the petitioner did not raise. *Green Tree*, 123 S.Ct. at 2409–09 (Stevens, J., concurring in judgment, dissenting in part). The Fifth Circuit recently parsed Green Tree to conclude that "the plurality's governing rationale in conjunction with Justice Stevens' support of that rationale substantially guides our consideration of this dispute." Pedcor Mngmt. Co. Welfare Benefit

The court of appeals below dismissed *Green Tree's* application in a footnote: "We do not address whether, as a general proposition, class certification is a matter for the trial court or for the arbitrator. Furthermore, the holding in *Green Tree Fin. Corp. v. Bazzle* is inapplicable here." 140 S.W.3d at 368 n. 1(citation omitted).

To the contrary, *Green Tree* is directly on point. In *Green Tree,* two groups of homeowners sued a lender. Their contracts, like Wood's, provided that all disputes relating to the contract would be resolved by binding arbitration and included a FAA choice-of-law provision. *Green Tree,* 123 S.Ct. at 2405. A state trial court certified one class, ordering it to arbitration; another state trial court ordered the second case to arbitration, where the arbitrator certified a class. Id. at 2405–06. The South Carolina Supreme Court consolidated the appeals and held that the contracts authorized class arbitration. *Bazzle v. Green Tree Fin. Corp.,* 351 S.C. 244, 569 S.E.2d 349, 354 (2002). The lender, arguing that the contract expressly forbade class arbitration, appealed to the United States Supreme Court. *Green Tree,* 123 S.Ct. at 2406. The Supreme Court did not decide whether the lender was correct about the contract interpretation issue. Id. at 2408. Instead, the Court held that, as a question of contract interpretation, the issue of class arbitrability had been committed to the arbitrator. "[T]he dispute about what the arbitration contract in each case means (*i.e.,* whether it forbids the use of class arbitration procedures) is a dispute 'relating to this contract'.... [T]he parties seem to have agreed that an arbi-

trator, not a judge, would answer the relevant question." *Id.* at 2407. The Supreme Court remanded the case so that the arbitrator could decide the class issue. *Id.* at 2408.

■ O'Quinn attempts to escape *Green Tree's* application by arguing that the AAA did not have rules for class arbitration at the time that this lawsuit was filed. The AAA has since published such rules.[2] O'Quinn argues that the "rules then in effect" can mean those in effect when Wood filed suit, the date when the trial court referred the case to arbitration, or the date arbitration was initiated, all of which occurred before the rules were promulgated. But another plausible interpretation of that language is the rules in effect when the arbitration actually begins, which has not yet happened. In any event, whether the pre- or post-*Green Tree* rules govern is itself a question of contract interpretation, a task committed to the arbitrator. Thus, the court of appeals erred in directing the trial court to determine whether a class should be certified.

■ O'Quinn next argues that this Court cannot consider the new AAA rules because they are evidence outside the record. Regardless of whether O'Quinn is correct that the rules actually are evidence outside the record, we need not consider the rules to decide this case. Before the new AAA rules existed, the United States Supreme Court held that, under the FAA, arbitrators make class arbitration decisions. As we have noted, the arbitrator

Plan v. Nations Personnel of Texas, Inc., 343 F.3d 355, 359 (5th Cir.2003).

**2.** The AAA issued a policy statement 18 days after Green Tree, 16 days after the court of appeals opinion, and one day after Wood filed her motion for rehearing in the court of ap-

peals indicating that it would promulgate rules for class arbitration. The AAA has since developed such rules. American Arbitration Association: Supplemental Rules for Class Arbitration (Oct. 8, 2003), available at http://www.adr.org.

determines what the rules in effect governing the arbitration are.

■ Finally, O'Quinn argues that because the trial court vacated its order referring the class certification issue to the arbitrator, this appeal is moot. The court of appeals memorandum opinion following the vacated order stated that all issues were rendered moot when the trial court vacated its order. Thus, any action we take, O'Quinn claims, would be an advisory opinion. But there is a live controversy between the parties—whether the court of appeals incorrectly held that the trial court abused its discretion in the mandamus proceeding below. In the court of appeals mandamus proceeding, O'Quinn claimed that the trial court had abused its discretion; here, Wood claims that the court of appeals abused its discretion in directing the trial court to vacate its order. In reviewing a court of appeals' grant of a mandamus petition, this Court asks whether the trial court actually abused its discretion. "If the trial court did not abuse its discretion, then the issuance of mandamus by the court of appeals is improper and constitutes an abuse of discretion." *Scott v. Twelfth Court of Appeals,* 843 S.W.2d 439, 440 (Tex.1992).

■ In a mandamus, we must not only decide whether the lower court abused its discretion, but also whether there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (1992). As we stated in *In re L & L Kempwood Assocs., L.P.,* 9 S.W.3d 125, 128 (Tex.1999) (per curiam) (orig.proceeding), "[a] party denied the right to arbitrate under the Federal Arbitration Act by a state court has no adequate remedy by appeal and is entitled to mandamus relief to correct a clear abuse of discretion."

Because we hold that the court of appeals abused its discretion in directing the trial court to decide the class certification issue, we conditionally grant the writ. We are confident that the court of appeals will act in accordance with this opinion.

Justice OWEN did not participate in the decision.