# IN THE SUPREME COURT OF TEXAS

No. 18-0781

ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC., PETITIONER,

v.

PANDA POWER GENERATION INFRASTRUCTURE FUND, LLC, D/B/A PANDA POWER
FUNDS, ET AL., RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

*~ consolidated for oral argument with ~*

No. 18-0792

IN RE PANDA POWER INFRASTRUCTURE FUND, LLC, D/B/A PANDA POWER FUNDS, ET
AL., RELATORS

ON PETITION FOR WRIT OF MANDAMUS

CHIEF JUSTICE HECHT, joined by JUSTICE GUZMAN, JUSTICE LEHRMANN, and JUSTICE
DEVINE, dissenting.

The Electric Reliability Council of Texas, Inc.—ERCOT—is the independent system

operator certified by the Texas Public Utilities Commission to oversee the Texas electric power

grid.[1] The Court is asked in this mandamus proceeding[2] to decide whether ERCOT has sovereign immunity from suit. The parties strenuously disagree. ERCOT agues, of course, that it is immune. Panda[3] argues, also of course, that ERCOT is not immune. The stakes between them are high— Panda alleges more than $1 billion in damages; the case has been fully presented; and both parties want their disagreement resolved. The immunity issue has been important to them since the case was first filed in the trial court more than five years ago. Now it happens that the public stakes are high too. After Winter Storm Uri last month, the public also wants to know whether ERCOT can be sued. Will ERCOT be immune to claims against it for failing to prevent the power outages across Texas that not only crippled millions of users but resulted in water outages that were at least as bad, if not worse? The answer to the immunity issue in this case has become perhaps more important to the public than even to the parties.

The parties want to know. The public wants to know. The Court refuses to answer.

The trial court in this case answered. It said ERCOT is not immune. The court of appeals also answered. It disagreed and directed the trial court to dismiss the case against ERCOT. The trial court complied. That was in April 2018, nearly three years ago. Panda immediately asked the court of appeals to set aside its order requiring the trial court to dismiss the case and to direct the trial court to vacate the dismissal. The court of appeals denied Panda's motion, and Panda appealed

---

[1] *See* TEX. UTIL. CODE § 39.151(d).

[2] No. 18-0792. ERCOT's conditional petition for review in No. 18-0781 raises a different issue.

[3] "Panda" refers collectively to the thirteen companies that sued ERCOT in the underlying case. *See ante* at 2 n.1.

2

the dismissal.

Four months after the trial court dismissed the case, in August 2018, Panda petitioned this Court to review the court of appeals' decision. In February 2019, the Court requested briefing on the merits, signaling that whether ERCOT is immune from suit is an important issue. The parties completed the briefing that September. In June 2020, the Court set the matter for oral argument, another indication that ERCOT's immunity from suit is an important issue. The Court heard argument last September.

And now here we are, five years after this litigation began in the trial court, two-and-one-half years after the case was filed in this Court, two years after we requested merits briefing, and six months after oral argument.[4] All agree—the Court and the parties—that the trial court's dismissal of the case did not moot the parties' controversy. The parties have the same real disagreement they have always had. Both insist they still want an answer. And as circumstances would have it, the issue has become more important to the public because of the damage caused by loss of power in the winter storm, which many blame on ERCOT. Whether ERCOT is immune from suit is not a moot issue, not to the parties, not to the public. But today the Court concludes that the case before us is something that it calls "procedurally moot" because there is no mandamus relief that can cause the case to be reopened in the trial court if the court of appeals erred.

The Court is simply wrong. If the Court were to conclude that ERCOT is not immune from

---

[4] The Court blames the delay on the parties, pointing out that in the 31 months this mandamus and the related petition for review have been pending, the parties asked for sixteen 30-day extensions, which are responsible for 9 of those 31 months. *Ante* at 7 n.8. So about one-third of the delay can be charged to the parties and only about two-thirds to the Court.

Panda's suit, contrary to the court of appeals' prior ruling, the Court would direct the court of appeals to withdraw that ruling, and the Court would also require the court of appeals to reverse the dismissal it erroneously ordered. Were that not so, courts of appeals could thwart review of their decisions simply by ordering trial courts to comply with them quickly. And in any event, this Court could direct the court of appeals to reverse the trial court's final judgment of dismissal in the pending appeal of that judgment. The Court does not claim that either form of relief is beyond its power. It demurs only that "[b]y doing so, we would infringe upon the court of appeals' judicial power by reviewing a judgment the court of appeals has not yet had the opportunity to review."[5] But the court of appeals has already had the opportunity to review the dismissal. Indeed, it was the court of appeals that ordered the dismissal! And by ruling on immunity, this Court would not be infringing on the court of appeals' judicial power. The court of appeals has already ruled on that issue. There is no reason for the court to reiterate its ruling in a second appeal. *It is waiting on this Court to rule.* The Court can resolve the parties' dispute and grant relief, however it decides the immunity issue, but instead it chooses delay and wasting more of the parties' and judicial system's time and resources. I would answer the question the Court undertook to decide but now does not. I respectfully dissent.

## I

Panda sued ERCOT, contending that it built three power plants in reliance on ERCOT's mistaken forecasts of a long-term scarcity of power supply. Panda sued for fraud and negligent

---

[5] *Ante* at 14 n.17.

misrepresentations. ERCOT filed a plea to the jurisdiction asserting sovereign immunity.[6] The trial court denied the plea to the jurisdiction, and ERCOT sought review by interlocutory appeal or, alternatively, mandamus. The court of appeals held that ERCOT is not a "governmental unit" entitled to interlocutory appeal[7] but that it does have sovereign immunity.[8] The court dismissed ERCOT's appeal for lack of jurisdiction, conditionally granted its petition for mandamus, and directed the trial court to dismiss the case.[9] Eight days later, the trial court complied.

A few days after that, Panda asked the court of appeals to direct the trial court to set aside the dismissal order so it would not foreclose further review. The motion was denied. Panda appealed the trial court's final judgment of dismissal and filed a mandamus petition in this Court challenging the court of appeals' decision on immunity.[10] The Court ordered full briefing, heard oral argument, and requested further briefing on mootness.

## II

Panda and ERCOT both contend, and the Court acknowledges, that the substance of their dispute over sovereign immunity is not moot. But the Court holds that "the trial court's entry of a final judgment rendered these causes procedurally moot".[11] The Court's reasons lack merit.

---

[6] ERCOT also contends that the Public Utilities Commission has exclusive jurisdiction over Panda's claims.

[7] 552 S.W.3d 297, 309 (Tex. App.—Dallas 2018) (citing TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8)).

[8] *Id.* at 319.

[9] *Id.* at 320.

[10] ERCOT filed a conditional petition for review of the court of appeals' denial of its right to interlocutory appeal.

[11] *Ante* at 12.

5

The Court says that "the court of appeals cannot . . . order the trial court to reinstate its earlier order denying ERCOT's plea to the jurisdiction because that order no longer exists as a separate order" but rather "has been superseded by and has merged into the trial court's final judgment dismissing Panda's claims."[12] But the argument is premised on an incomplete reading of Panda's prayer for relief. Panda first asks this Court to "direct the court of appeals to set aside its [own] order mandating dismissal of Panda's claims".[13] The Court offers no reason why it cannot grant that relief, and I see none.

The Court further reasons that "this Court does not have the power to vacate the trial court's final judgment in this proceeding because [Panda's appeal from that judgment] is currently pending in the court of appeals."[14] For that proposition, the Court cites no authority. The pendency of Panda's appeal from the trial court's dismissal should have nothing to do with the Court's review of the court of appeal's decision on immunity. The Court does not explain why Panda cannot seek relief both by mandamus and appeal when that is exactly what ERCOT has done. Rule 27.3 of the Texas Rules of Appellate Procedure provides:

> After an order or judgment in a civil case has been appealed, if the trial court modifies the order or judgment, or if the trial court vacates the order or judgment and replaces it with another appealable order or judgment, the appellate court must treat the appeal as from the subsequent order or judgment and may treat actions relating to the appeal of the first order or judgment as relating to the appeal of the subsequent order or judgment. . . . Any party may nonetheless appeal from the

---

[12] *Ante* at 12–13.

[13] Panda Merits Br. at 64 (18-0792).

[14] *Ante* at 13.

6

subsequent order or judgment.[15]

The same principles and procedures should apply to mandamus review. The Court should treat Panda's petition here as seeking review of the trial court's dismissal. If the Court determines that the court of appeals erred in its immunity decision, it could direct the trial court to vacate its dismissal order. Even if this Court could not itself vacate the trial court's dismissal, it could certainly direct the court of appeals to vacate its conditional grant of mandamus relief directing the trial court to dismiss the case. The practical effect would be the same. Panda's appeal from the trial court's final judgment of dismissal is pending in the court of appeals, abated until this mandamus proceeding has concluded. If we answered here the question of ERCOT's immunity, the court of appeals would decide the pending appeal in accordance with our decision. The Court's statement that "any order by this Court would be without practical effect"[16] is just wrong.

*In re Wood*[17] should control this case. There, the court of appeals granted mandamus relief directing the trial court to vacate an order, and the trial court complied. The real party in interest then sought review of the court of appeals' ruling by petition for mandamus in this Court. We granted relief directing the court of appeals to "act in accordance with this opinion."[18] The Court

---

[15] TEX. R. APP. P. 27.3. The Court states that the court of appeals could not have applied Rule 27.3 when the trial court obeyed its order to dismiss the case "because the appeal was no longer pending". *Ante* at 14 n.17. But the court of appeals retained plenary jurisdiction over the appeal until August 9, 2018—30 days after it denied Panda's motion for rehearing. *See* TEX. R. APP. P. 19.1(b) (providing that the court of appeals' jurisdiction expires "30 days after the court overrules all timely filed motions for rehearing or en banc reconsideration, and all timely filed motions to extend time to file such a motion").

[16] *Ante* at 14.

[17] 140 S.W.3d 367 (Tex. 2004) (per curiam), *overruled on other grounds by Robinson v. Home Owners Mgmt. Enters., Inc.*, 590 S.W.3d 518 (Tex. 2019).

[18] *Id.* at 370.

acknowledges that here, too, "despite the trial court's entry of its final judgment, a live controversy exists over whether the court of appeals erred by ordering the trial court to vacate its interlocutory order denying ERCOT's jurisdictional plea".[19] But then the Court concludes that it cannot determine whether the court of appeals erred because "[t]he trial court here no longer has the power to act."[20] With respect, the court of appeals still has the power to act, and if we hold that Panda's position on sovereign immunity is correct, then that court can withdraw its own mandamus relief, effectively reinstating the case and allowing it to continue.

In sum, the Court can review the immunity issue and other issues in the case and, if Panda's position prevails, have the dismissal set aside and the case continue. The proceeding is in no sense "procedurally moot".

### III

The Court's rule is potentially dangerous. A less sophisticated party in Panda's shoes might well reason that a trial court's compliance with a court of appeals' directive forecloses further review and forgo appealing the final judgment. A party with lesser means than Panda has might not be able to afford two appeals to get one decision. In either situation, the court of appeals will have precluded this Court's review of its decision.[21]

---

[19] *Ante* at 16.

[20] *Ante* at 16.

[21] The Court fears no dangerous results from its ruling because an interlocutory appeal from an order denying a governmental unit's plea to the jurisdiction automatically stays proceedings in the trial court. *Ante* at 14–15 n.18; *see* TEX. CIV. PRAC. & REM. Code § 51.014(a)(8), (b). Of course, the court of appeals held that ERCOT was not a governmental unit entitled to the appeal and stay, so it is not clear the stay applied. The Court assumes that the automatic stay applied until the court of appeals issued its opinion and faults Panda for not acting earlier to prevent the trial court from dismissing the case. But only 11 days after the court of appeals ruled, Panda asked that court to

Here, the Court's decision makes no difference because Panda has been careful to appeal the final judgment, and the same parties can afford to argue the same issues to the same court of appeals, which can issue the same ruling, from which Panda can seek review, with it and ERCOT reasserting the same arguments they have made to this Court already in briefs and oral argument, for the Court to finally decide, maybe only a year or so from now. The Court wastes the parties', the court of appeals', and this Court's resources, and everyone's time—to no one's benefit.[22]

The Court can grant the relief Panda specifically requests against the court of appeals and therefore should decide the merits of the parties' dispute. Because it refuses to do so, I respectfully dissent.[23]

---

withdraw its order requiring dismissal, and had the court granted the motion, the trial court would have been required to vacate the dismissal. The court of appeals' refusal to grant Panda's stay motion can hardly be blamed on Panda.

[22] The Court says it is concerned that the parties have been put to wasted time and expense, but it can do little to ameliorate that concern. *Ante* at 18. The Court ignores the fact that many duplicative proceedings lie ahead because of today's decision.

[23] The concurring opinion accuses this dissent of arguing that whether this proceeding is moot should be based on public opinion, politics, and the weather. *Ante* (Blacklock, J., concurring). Of course, we do not. We argue that this proceeding is not moot for sound, compelling legal reasons. The concurring opinion accuses the dissent of failing to explain how the law and facts have changed since the winter storm. *Ante* at 3 (Blacklock, J., concurring). We think they have not changed at all, and that is the point. The law and facts have not changed one iota since August 2018, when the case was filed in this Court. By not addressing the mootness issue until now, which was in the case from the very beginning, the Court has increased the expense to the parties and delayed a decision on the immunity issue, which it should not have done, even if the issue had not become the concern it has. The concurring opinion points to our decision in *In re Hotze*, No. 20-0739, ___ S.W.3d ___ (Tex. Oct. 7, 2020). *Ante* at 3 (Blacklock, J., concurring). That is a good example. The petition for mandamus there was filed on September 23, 2020, and decided on October 7—fourteen days later—because it raised issues concerning the impending general election. The present case has been pending two-and-one-half years. The concurring opinion offers that the Court should "stick to deciding cases within our jurisdiction". *Ante* at 3 (Blacklock, J., concurring). We completely agree but would add one word: timely.

9

_____

Nathan L. Hecht
Chief Justice

**OPINION DELIVERED:** March 19, 2021